# EXHIBIT 3



# Law Offices Of
# MARVIN CABLE

By U.S. Mail with a copy via Email

August 16, 2012

To:

Re: Allegation of Copyright Infringement
Discovery Obtained in Case Name: Media Products, Inc. DBA Devil's Film v. DOES 1-120
Case No.: 12-CV-30100-KPN, United States District Court for the District of Massachusetts
**Title of Infringed Motion Picture:** OMG! I Fucked My Daughter's BFF! 2
**File Name / Size:** OMG! I Fucked My Daughter's BFF! #2 / 1,466,439,680 bytes
**Hash:** 65b2a6ea20d18069174fb1fe3c64967a74afd201  **Protocol:** BitTorrent
**ISP:** Verizon Internet Services  **Doe No.:** 16  **Case Management ID:** 11708085
**IP Address:** 173.76.203.53  **Port:** 41591  **Timestamp:** 03/08/2012 12:03:23 PM EST

Dear         :

**If you have already referred this matter to your own lawyer, please forward this letter to that attorney.**
**IF YOU HAVE NOT ALREADY DONE SO, YOU SHOULD CONSIDER CONSULTING WITH**
**YOUR OWN ATTORNEY IN CONNECTION WITH THIS MATTER.**

We represent the owner of the copyright in the motion picture that is identified above.

That motion picture was downloaded from the Internet without legal authorization. Discovery was authorized by the Court in the above-identified case relating to the identities of the subscribers whose Internet accounts were allegedly used to download from and/or make available on the Internet unauthorized copies of the above-named motion picture in violation of the U.S. Copyright Act (17 U.S.C. §§ 101 et seq.).

The complaint in that case can be viewed online at http://www.copyright-complaints.com/12-CV-30100-KPN.pdf.

Pursuant to a Court-approved subpoena in that case, the Internet Service Provider ("ISP") named above and other ISPs have disclosed personally identifiable information about such subscribers, and you have been identified as one of those subscribers.

On behalf of Plaintiff, we may formally name you as a defendant (i.e., as an alleged infringer of Plaintiff's copyright in the above-named motion picture) in the above-identified case, or in a subsequent case, if a settlement is not reached in connection with the alleged infringement that occurred on a computer using your Internet account by the close of business on Wednesday, September 5, 2012.

In connection with any such case, we will seek, among other things, an award for the above-identified infringement that occurred on your Internet account for damages of up to $150,000 for willful infringement, and up to $30,000 for non-willful infringement, under the statutory damages provisions of the Copyright Act (17 U.S.C. § 504(c)), as well as costs,

Case Management ID: 11708085

---

Mail Correspondence Address: PO Box 1630, Northampton, MA 01061
Physical Address: 73 Bridge Street, Suite #6, Northampton, MA 01060
Tel: 413-268-6500 | Fax: 888-691-9850 | Email: contact@marvincable.com



## Law Offices Of
## MARVIN CABLE

attorney fees, and a permanent injunction. In the meantime, do NOT delete any files relating to the above-identified motion picture from any computers using your Internet account unless and until Plaintiff's claim relating to the alleged infringement occurring on that account is resolved by settlement or otherwise. If you do delete such files, in addition to damages, we will be entitled to seek sanctions against you for spoliation (i.e., destruction or alteration) of evidence.

You have an opportunity to settle now the alleged infringement that occurred on a computer using your account. The settlement fee is **$3,500.00**. As indicated above, the settlement fee must be received by us, on behalf of Plaintiff, by the close of business on Wednesday, September 5, 2012. Otherwise, we will proceed to enforce Plaintiff's copyright with the understanding that you do not intend to resolve this matter without a lawsuit.

Settlement payment in the form of a check or money order should be made payable to "Law Offices of Marvin Cable," with **Case Management ID: 11708085** written on the remittance/advice line of the check or money order.

The payment, along with your signature on the Liability Release Agreement (see attached document) should be sent to this address:

**Law Offices of Marvin Cable, PO Box 1630, Northampton, MA 01061**

Note: You may use Express Mail or Priority Mail (ask for the tracking option) so that you have a tracking number. Both will be received at PO Box 1630, Northampton, MA 01061.

With respect to the Liability Release Agreement, read it carefully. We have accommodated the reasonable interests of accused infringers. Once the Liability Release Agreement signed by you has been received by us and the money represented by your check or money order has actually been received in my attorney-client trust account, I will return to you the attached Liability Release Agreement counter-signed by me on behalf of Plaintiff, along with a Settlement Date and Release Security Code. Shortly thereafter, to the extent that a case is active with the specific IP Address and Timestamp shown above, a dismissal of you, identified by that IP address and timestamp, from the case will be filed with the Court and sent to you as well.

Juries and courts do take copyright infringement very seriously. As noted above, **you should consider consulting with your own attorney in connection with this matter.**

We look forward to resolving this case with you according to the terms set forth in the Liability Release Agreement. If we do not, then you may formally be brought into a case without further notice.

Sincerely,

*[signature]*

Marvin Cable

Mail Correspondence Address: PO Box 1630, Northampton, MA 01061
Physical Address: 73 Bridge Street, Suite #6, Northampton, MA 01060
Tel: 413-268-6500 | Fax: 888-691-9850 | Email: contact@marvincable.com

Case 3:12-cv-30100-MAP   Document 32-3   Filed 09/05/12   Page 4 of 5

Case 1:12-cv-10805-NMG   Document 40-2   Filed 08/24/12   Page 3 of 4
**LIABILITY RELEASE AGREEMENT**
Media Products, Inc. DBA Devil's Film v. DOES 1-120, 12-CV-30100-KPN
United States District Court for the District of Massachusetts

<u>This Liability Release Agreement is effective ONLY after:</u>
The Settlement Date and Release Security Code have been inserted below by
RELEASOR's attorney and RELEASOR's attorney has signed the Liability Release.

| | |
|---|---|
| **Settlement Date:**<br>[To be inserted by RELEASOR's attorney] | **Case Management ID:**<br>11708085 |
| **Title of Work:**<br>OMG! I Fucked My Daughter's BFF! 2 | **Infringement IP Address:**<br>173.76.203.53 |
| **RELEASOR:**<br>Media Products, Inc. DBA Devil's Film<br>9145 Owensmouth Ave<br>Chatsworth, CA 91311 | **Source & Timestamp [U.S. Eastern Time]:**<br>BitTorrent - 03/08/2012 12:03:23 PM EST<br><br>**RELEASEE DOE NO.:** Doe 16 |
| **Settlement Amount:**<br>$3,500.00 | **RELEASEE:** |

**Release Security Code:**
[To be inserted by RELEASOR's attorney]
Notes:
(1) The Release Security Code will be inserted after your payment and signature below are received.
(2) At that time, the Liability Release Agreement will be counter-signed by Plaintiff's attorney and sent to you.
(3) Anyone presenting a fake Release Security Code will be prosecuted under the law.

    1.    The signature of RELEASOR's attorney following this Paragraph 1 signifies the agreement of RELEASOR to all of the following terms and conditions. The signature will be on the copy of this first page returned to RELEASEE after RELEASEE's payment and signed Liability Release Agreement have been fully received by RELEASOR's attorney.

Date: _____    _____[To be signed by RELEASOR's attorney]_____
           Month, Day, Year           Marvin Cable, LAW OFFICES OF MARVIN CABLE, 73 Bridge Street, Suite #6,
                                                Northampton, MA 01060
                                                for RELEASOR/Plaintiff Media Products, Inc. DBA Devil's Film

    2.    This Liability Release Agreement (hereinafter "Agreement") pertains to a disputed claim and does not constitute an admission of liability by any of the parties to this Agreement. Notwithstanding the foregoing, RELEASEE and RELEASOR agree as follows:

    3.    The above-identified RELEASEE represents and warrants to RELEASOR that RELEASEE has made diligent efforts to identify and, if found, to remove any and all copies of the above-titled work from all of RELEASEE's computers, and to the extent any other copies may have existed in other media RELEASEE's possession, RELEASEE has destroyed all other copies of the work prior to the Settlement Date written above, except for any copies lawfully obtained from RELEASOR.

Case Management ID: 11708085                Media Products, Inc. DBA Devil's Film v. DOES 1-120, 12-CV-30100-KPN
Doe 16, Page 1 of 2

4.       RELEASEE releases RELEASOR from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASOR's prosecution of the above-identified case.

5.       In reliance on and in exchange for the representations and warranties and release by RELEASEE, and in consideration of the settlement amount set out above received by RELEASOR from RELEASEE on the Settlement Date, RELEASOR hereby releases and discharges the RELEASEE, and RELEASEE's heirs and successors, from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASEE's actions in connection with RELEASEE's alleged infringement prior to the Settlement Date of the copyright in the above-titled work on the computer associated with the IP Address and Timestamp listed above, and/or on computers within the same specific household associated with the IP Address and Timestamp listed above. In this regard, the term "RELEASEE" includes any person who had used a computer in such household to the extent, and only to the extent, that the use of such computer was in such household. This Agreement applies to no other claims, causes of action, lawsuits, damages and demands that RELEASOR may have against RELEASEE (e.g., for any infringement of the copyright in another work or for subsequent infringement of the same work) which, if existing, shall survive this Agreement. This Agreement does not apply to any infringement by any other "Doe" defendant in the above-identified case. If the above-identified case has not otherwise been dismissed with respect to RELEASEE, dismissal with prejudice will be filed in the above-identified case identifying the RELEASEE by the "Doe" number and IP Address and Timestamp listed above.

6.       Confidentiality: Except to the extent necessary to enforce the terms of this Agreement, the parties shall maintain the terms of this Agreement confidential, including the real name and address of the RELEASEE. It is understood and agreed that the fact that settlement has been reached with the party identified by the "Doe" number and/or IP Address and Timestamp listed above is not confidential.

7.       **RELEASEE acknowledges that he or she has had the opportunity to seek the advice of independent counsel of his or her own choice regarding this Agreement.**

8.       This Agreement constitutes the complete statement of the terms and conditions of the agreement between the parties, and supersedes and merges all prior proposals, understandings and all other agreements, oral and written, between the parties relating to the subject of this Liability Release. Any and all other written or oral agreements existing between the parties hereto regarding such transaction are expressly cancelled. This Agreement cannot be modified or otherwise changed except by an instrument in writing duly signed by the parties hereto. This Agreement shall be interpreted in accordance with the law of the State of California. In the event of a dispute arising out of or related to this Agreement, the prevailing party shall be awarded his or her reasonable attorney's fees by a court of competent jurisdiction.

This Release is signed by RELEASEE.

Date: _____       _____

   Month, Day, Year

                                     RELEASEE/Defendant Doe 16

**RELEASEE's preferred email address:** _____

**RELEASEE's Settlement Checklist:**

☐ Date above and sign above
☐ Provide preferred email address above (finalized Liability Release Agreement will be emailed to this address)
☐ Make check or money order in the amount of $3,500.00 payable to "Law Offices of Marvin Cable"
☐ Mail payment and BOTH pages of the Liability Release Agreement to:
   Law Offices of Marvin Cable, PO Box 1630, Northampton, MA 01061 (You may use Express Mail or Priority Mail so that you have a tracking number. Both will be received at PO Box 1630, Northampton, MA 01061.)