UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MEDIA PRODUCTS, INC.,** | |
| *Plaintiff,* | |
| v. | *Case No.*: **3:12-cv-30100** |
| **DOES 1 – 120,** | |
| *Defendants.* | |

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Plaintiff responds to Court's Order to show cause, and respectfully requests the Court not quash subpoenas. There are other ways that are just, but more align with the mandate of Rule 1, securing a more speedy and inexpensive determination of this case.

## INTRODUCTION

On October 4, 2012, the Court ordered Plaintiff to show cause as to why Court should not quash the subpoenas in this case for containing an erroneous notice sent to Internet subscribers. This notice contained an "improper assertion [which] might well cause innocent subscribers (understandably concerned about the prospect of the threatened public identification as a copyright infringer of [pornography]) to accede to unreasonable settlement demands." *Discount Video Center, Inc. v. Does 1-29*, No. 12-10805- NMG, 2012 WL 3308997, at *10 (D. Mass.) Aug. 10, 2012. The Court reasoned the assertion in the notice to be an undue burden. Because subpoenas may be quashed if they subject a party to undue burden, the Court ordered Plaintiff to show cause why subpoenas should not be quashed, despite the Court's ability to dispel undue burden with other methods more aligning with Rule 1.

## ARGUMENT

**I.     PLAINTIFF NEEDS THE SUBPOENAED INFOMRATION.**

Ultimately, plaintiff needs the subpoenaed information. "[T]he Plaintiff has no other means of determining the identity of its defendants." *Id.* at 4. And, this need is permissible. *Id.* at 10. So, if the Court quashes the subpoenas, Plaintiff will have to try again to get subscribers' information — likely by submitting a renewed request for early discovery (if quashing is without prejudice), or a Motion for Reconsideration (if quashing is with prejudice). Quashing the subpoenas merely presses a reset button and makes Plaintiff try again, because Plaintiff needs information.

**II.    PROCEDURAL RULES ALLOW FOR A JUST, YET MORE SPEEDY AND INEXPENSIVE WAYS TO QUELL UNDUE BURDEN.**

While, Plaintiff agrees with the Court's concerns, there are other ways to avoid this potential undue burden, which would more align with the mandate of Rule 1 — to construe and administer the rules of procedure to secure a just, speedy, and inexpensive determination of this case.

Rule 26(c)(1)(c) and 26(c)(1)(d) gives the Court discretion to create a protective Order that remedies the potential undue burden attendant in the erroneous notice. For example, the Court could require Plaintiff to send a letter or to all Internet subscribers involved this case. This letter would be notice of correction, correcting the improper assertion: you have been sued. Further, in every communication between opposing parties, Court could require Plaintiff to re-affirm this error.

Using protective orders, as allowed by Rule 26, would prevent the Plaintiff to re-start the entire process of early discovery. Also, ISPs have already complied with a good amount of the subpoenas. Requiring the process to start from the beginning, when Rule 26(c) is available to remedy the same issues that quashing attempts to do, is not as speedy.

Similarly, a protective order may be less expensive than quashing. If the subpoenas are quashed, Plaintiff must spend time and resources on renewed discovery. A protective order, like the one suggested, would be substantially lower in cost, as it requires cost of postage and time composing a letter.  The fees for renewed discovery would include time spent on drafting pleadings and time spent behind the scenes dealing with subpoena service, compliance, data entry, and other related costs — renewed discovery is substantially more expensive than the suggested protective order.  Note, these costs may later be trickled down to guilty defendants.

Also, the Notice drafted by the Plaintiff was done in good faith, as it was meant to provide subscribers with information about the lawsuit.  The content of the Notice was copied from an Order by Judge Gertner, in a substantially similar lawsuit. *See* **Exhibit A**. The Court should be aware the purpose of the Notice was well intentioned.

## CONCLUSION

For the above reasons, Court should not quash subpoenas.  Accordingly, Plaintiff requests the Court provide a protective order that would nullify concerns of the erroneous notice. Alternatively, the Plaintiff requests that this Court quash subpoenas without prejudice, and allow Plaintiff to submit a renewed early discovery request.

Respectfully submitted,

Dated: October 18, 2012,

Marvin Cable, BBO#:  680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

ATTORNEY FOR PLAINTIFF


CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Marvin Cable, Esq.