UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **MEDIA PRODUCTS, INC.,** | ) | |
| Plaintiff | ) | CIVIL ACTION NO.: 3:12-cv-30100-MAP |
| | ) | |
| v. | ) | |
| | ) | |
| **DOES 1-120,** | ) | |
| Defendants | ) | |

## RESPONSE OF DOE 120 TO
## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

The defendant, Doe 120, filed a motion to sever all claims against all defendants except Doe 1. (Document No. 15, 7/23/2012). Doe 118 also has filed a motion to sever. (Document No. 23, 8/2/2012). Likewise, Doe 83 has moved to sever the plaintiff's claims against individual Does. (Docket No. 32, 9/5/2012). The Court has yet to act upon any motions to sever.

Doe 120 respectfully states that the Court should quash the subpoenas served upon the subscribers. The plaintiff's proposed solution of sending letters to subscribers (pursuant to a protective order) that presumably corrects misinformation on the original notice accompanying the subpoenas is vague and does not cure the defect in the notice. The plaintiff has failed to demonstrate good cause as to why the Court should not quash the subpoenas.

In its show cause brief, the plaintiff has argued for the entry of a protective order to remedy the "undue burden attendant in the erroneous notice." The plaintiff is not, however, a "person from whom discovery is sought" within the meaning of Fed. R. Civ. P. 26(c)(1) and therefore has no standing under the Rule to move this Court for a protective order to remedy the "annoyance, embarrassment, oppression or undue burden

or expense" that the plaintiff has itself caused and imposed upon Does 1 – 120.

If the Court is inclined to grant the plaintiff's motion for a protective order, then Doe 120 respectfully requests that the Court will defer taking that action at least until the Court acts upon the motions to sever. If the defendants have been improperly joined, as Doe 120 and others have argued, then the plaintiff should not be permitted to conduct any discovery against the defendants *en masse* in the current procedural posture of the case.

WHEREFORE, Doe 120 respectfully states that the Court should quash the subpoenas at issue because the plaintiff has failed to demonstrate good cause as to why the subpoenas should not be quashed.

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Defendant, Doe 120,<br><br>By his Attorneys,<br><br>/s/Nicholas S. Guerrera<br>Nicholas S. Guerrera, BBO#551475<br>Shaheen Guerrera & O'Leary, LLC<br>Jefferson Office Park<br>820A Turnpike Street<br>North Andover, MA 01845<br>(978) 689-0800 |
| Dated: 10/23/2012 | nguerrera@sgolawoffice.com |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day sent electronically through the ECF system to all counsel of record for the parties.

| | |
|---|---|
| Dated: 10/23/2012 | /s/ Nicholas S. Guerrera<br>Nicholas S. Guerrera |