# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**MEDIA PRODUCTS, INC.,**

*Plaintiff,*

v.

**DOES 1 – 120,**

*Defendants.*

*Case No.*: **3:12-cv-30100**

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Plaintiff hereby responds to Court's Order to show cause, and respectfully requests the Court to *not* sever all of the Doe Defendants, except one. Joinder is permissive under Federal Rule of Civil Procedure ("Rule") 20 (a), and there are, at this stage of litigation, insufficient facts to require severance under Rule 20 (b).[1]

## INTRODUCTION

On October 15, 2012, the Court ordered Plaintiff to show cause as to why Court should not sever all Does, except one, requiring Plaintiff to file individual complaints against each Internet Protocol (IP) address, in separate actions. Defendants may be joined in a single action if "any right to relief is asserted against them … arising out of the same transaction, occurrence, or series of transactions or occurrences" (Rule 20(a)(2)(A)), and "a question of law or fact common to all defendants will arise"(Rule 20(a)(2)(B)). However, this Court cited two recent decisions in this District wherein two judges severed similar cases.

Judge Stearns found joinder impermissible and issued an order to show cause why he

---

[1] Plaintiff was unable to file this response in a timely fashion due to effects of Hurricane Sandy — this response is submitted on the second day after deadline.

should not exercise his discretion under Rule 21 to sever all of the Doe defendants but one, while permitting the Plaintiff to refile against each of the defendants in separate actions. *New Sensations, Inc. v. Does 1-201*, No. 12-11720, 2012 WL 4370864 (D. Mass. Sept. 21, 2012).

On the other hand, Judge Young found joinder permissible under Rule 20(a). However, he also found that it was appropriate to exercise his discretion to sever the defendants under Rule 20(b), which provides that the Court has broad discretion to "issue orders–including an order for separate trials–to protect a party against embarrassment, delay, expense, or other prejudice. . ." *Third Degree Films v. Does 1-47*, 2012 WL 4498911 (D. Mass. Oct. 2, 2012) at *6 (quoting Rule 20(b)). Accordingly, he severed Does 2 – 7 from that case and dismissed them without prejudice, subject to the Plaintiff filing individual complaints against them within thirty days of the Court's order. *Id.* at *10.

In light of the decisions in *New Sensations* and *Third Degree Films*, this Court ordered Plaintiff to show cause why the District Court should not exercise its discretion, under Rules 20 and 21 of the Federal Rules of Civil Procedure, to sever all of the Doe Defendants except for one, subjecting to Plaintiff filing individual complaints against each of the Doe Defendants in separate actions.

## ARGUMENT

### I. JOINDER IS PERMISSIVE UNDER RULE 20 (A).

Plaintiff agrees with the section of Judge Young's opinion in *Third Degree Films*, § II.C.1., which found joinder permissible under Rule 20(a). Plaintiff hereby incorporates by reference, and attaches as an Exhibit, that section as if it were stated herein. (**Exhibit A**). Plaintiff also incorporates by reference, and attaches as an Exhibit, as if stated herein, the response to Judge Stearns's show cause, in *New Sensations, Inc.* as if it were also stated herein. (**Exhibit B**). Aside, it is unclear as to whether Judge Stearns found that joinder was permissible or not, as his response to the show cause order did not address the issue of

permissible joinder. His order addressed his belief that these cases are best litigated in another fashion.[2]

## II.   NOT ENOUGH FACTS AND TOO SOON TO SEVER PURSUANT 20 (B).

Plaintiff respectfully disagrees with Judge Young's opinion regarding Rule 20 (b), however. An opinion to sever the defendants, pursuant Rule 20(b), at this stage of litigation, based on speculations, assumptions, and generalizations is insufficient to invoke severance, and wrongly prejudices the Plaintiff, possibly causing reversible error. *See Hagan v. Rogers*, 570 F.3d 146, 156-157 (3d Cir. N.J., 2009) (wherein the Third Circuit Court reverses a district court Judge's denial of joinder).

In *Hagan*, the Third Circuit reversed a district court's denial of joinder, stating, "[w]hile a judge may well identify credible reasons why [certain types of] suits might not generally be a good idea, such opinions cannot be used to defeat congressional intent by disregarding the plain language of Rule 20." *Id* at 156. The district court judge in *Hagan* listed several difficulties in similar litigations that were identified by other district courts[3]; the district court judge concluded that these considerations made "joint litigation exceptionally difficult." However, after reviewing of the record, the Third Circuit Court found held "some of the impracticalities asserted by the District Court may not apply to the current matter."[4] The Third

---

[2] He stated, "[U]nder the civil rules, in fairness to all involved, including the court, these cases should be litigated and defended in separate causes of action. Therefore, the court will dismiss without prejudice defendants 2 - 201." ECF #11.

[3] The Judge listed, "(1) 'the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changes as they are circulated'; (2) 'prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation'; (3) 'jail populations are notably transitory, making joint litigation difficult'; and (4) the possibility that coercion may affect the relations between the inmates.' *Id.*

[4] In footnote 4 of the appeals court's decision, the Court stated that "there is no evidence that the prisoners had any difficulty securing all of the required signatures on the pleadings and the filings related to this appeal. Also, the ADTC is a relatively small facility with approximately 600 inmates, suggesting that joint litigation by inmates of the facility may be manageable." *Id.*

Circuit acknowledged the District Court's broad authority with regard to joinder under Rule 20, but, it held that "[i]n exercising its discretion, the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented before the court. It is insufficient for a court to rely on general assumptions." *Id*. at 157. Judge Young's opinion was similarly based on general assumptions, and difficulties speculated upon by other courts. Under the Third Circuit's standard, the opinion in *Third Degree Films* should be reversed, but at the very least not be held as authoritative for use in this Court.

    A.    **RULE 20 (B).**

Even if joinder is technically permissible, under Rule 20(b), entitled "Protective Measures," courts have broad discretion to "issue orders - including an order for separate trials - to protect a party against embarrassment, delay, expense, or other prejudice." The embarrassment, delay, and expense must be prejudicial, in order for the Court to have the ability to issue orders. The term "or other prejudice" indicates that the three terms (embarrassment, delay and expense) are also prejudicial in nature. As described below, in light of the facts on record and the posture of this litigation, severance will not protect Defendants against any known or real embarrassment, delay, expense, or other prejudice.

    B.    **EMBARRASSMENT, DELAY, AND EXPENSE.**

Severing defendants from this case and requiring Plaintiff to file individual suits will not protect Defendants against embarrassment. Any embarrassment, which exists in this case, will likely also exist in individual suits.

Severing defendants from this case and requiring Plaintiff to file individual suits will also not protect Defendants against prejudicial delay. It is highly likely some delays may occur, *e.g*. one defendant may have to wait for another defendant to respond. But there are no facts suggesting that delays will be prejudicial. Further, if filed individually, there is likelihood that

similar delays would occur. As Judge Young mentioned, the Court may consolidate any, or all, of the matters, referenced under some portion of the process, for efficiency purposes, using the discretion under Rule 42(a).

Severing defendants from this case, requiring Plaintiff to file individual suits, will not protect Defendants against expenses. Conversely, filing individuals suits against will more than likely increase expenses upon each Defendant. Many of the Does currently in this case are relying upon the work of other attorneys and Does. Defendant would not be able to share in a defense with each other, and thus need to expend resources to Defendant oneself.

### C.     OTHER PREJUDICE.

Rule 20(b) also says that the Court may issue orders to protect against "other prejudice." *Third Degree Films* mentions certain prejudices, which that court speculates, **may** occur, but provides no analysis based on specific facts presented before that court.

*Third Degree Films* was concerned with the perceived nature of the case–that Plaintiffs *may* be using the Court solely to get names of individuals in order to strong-arm them into a settlement, resulting in bad-faith litigation, evasion of filing fees and "extortionate" settlement demands. Also, *Third Degree Films* was concerned about the potential inefficiencies of trial that **may** occur due to the large amount of factual defenses. While these seem to be valid concerns in some cases, actual facts within Judge Young's case, Judge Stearns's case, as well as this case, do not support severance.

#### 1.     BAD FAITH LITIGATION AND EVASION OF FILING FEES.

Severing defendants from this case and requiring Plaintiff to file individual suits will not protect Defendants against bad faith litigation because there has been no bad faith litigation.

Around the country many similar lawsuits have been filed. Courts have become increasingly concerned about similar lawsuits due to way Plaintiffs have been litigating cases. Other attorneys around the country may abuse the credibility of the legal profession, and cast

a dark shadow on all other attorneys involved in these types of lawsuits. While some plaintiffs seem only to obtain settlements from Does and not proceed through to litigation, but settlements are encouraged by courts. However, that flavor of litigation has not happened in this case, or others brought by Plaintiff's Counsel. In fact, the exact opposite has happened.

Counsel for the Plaintiff has been litigating these cases in good faith, and intends to serve process. Counsel has already effected service in some cases via waiver of summons (unfortunately, those summons were moot because the case was severed.) And due to issues with getting subscribers' names, Plaintiff has not had the ability to serve many cases in this district in the 120-day timeline, yet he intends to.

*Third Degree Films* concern is that Plaintiffs in this jurisdiction, are operating in bad-faith; however, again, this concern is based on "speculation". Oddly, *Third Degree Films* even concedes this point: "[t]o be clear, the Court has not observed any specific bad faith behavior in this case by [Attorney Marvin Cable], as has occurred in other cases. *Cf. Raw Films, Ltd. v. Does 1-32*, No. 3:11cv532–JAG, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (noting that the plaintiff in *Raw Films* contacted the defendants with harassing telephone calls, demanding $2,900.00 to end the litigation, and when any of the defendants filed a motion to dismiss or sever, the plaintiff voluntarily dismissed the individual from the litigation). Further, unlike *Raw Films, Ltd.*, Counsel for this Plaintiff has responded to pre-trial motions to dismiss, quash and sever, and has not harassed defendants with telephone calls.

*New Sensations, Inc.* even acknowledged, in docket text, ECF #11, "[Attorney Marvin Cable's] representation of good faith in attempting to litigate these cases."

It has also been stated on record by a Defense Counsel, "I will say that Attorney Cable is not representative [amongst] of a lot of the other plaintiffs who are a lot more aggressive in using that leverage," in a hearing where Attorney Cable suggested submitting potentially embarrassing documents under seal. September 19, 2012 Tr., *Patrick Collins, Inc. v. Does 1 – 38*, 12-cv-10756-NMG, p. 29. ("I would be willing to submit names under seal if that would help

any concerns the Court might have in terms of privacy, because we're not out to brand people in any way. We're out to, you know, try to litigate a legitimate copyright case." *Id.* at 22.).

*Third Degree Films* was also concerned that Plaintiff evaded filing fees by filing cases using the joinder mechanism, and severance will, as Judge Young suggested, require Plaintiffs to pay $350.00 for each Doe, ensuring a good faith intention to litigate cases. Again, this is speculative. Not only are there are no facts that Plaintiff does not intend to litigate cases, also just because a Plaintiff pays a filing fee does not mean that Plaintiff will litigate in good faith.

Conversely, if Court requires Plaintiff to file individual suits, Plaintiff will be prejudiced. In this case, $350X120= $42,000.  Plaintiff would be "forced to pay the Court separate filing fees in each of these cases, which would further limit its ability to protect its legal rights." *Third Degree Films, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 123235, 15-18 (N.D. Cal. Aug. 29, 2012). *See also Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, at 334 ("This would certainly not be in the 'interests of convenience and judicial economy' or 'secure a just, speedy, and inexpensive determination of the action'"); *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 15931, 10-12 (D. Colo. Feb. 8, 2012) ("Plaintiff would be substantially prejudiced by severance"); *Liberty Media Holdings, LLC v. Does*, 2012 U.S. Dist. LEXIS 24232, 19 (S.D. Cal. Feb. 24, 2012) ("Plaintiffs would be prejudiced by severance at this stage because they would face significant obstacles in their efforts to protect their copyrights from illegal file-sharers.").

### 2. "EXTORTIONATE" SETTLEMENT DEMANDS.

Severing defendants from this case and requiring Plaintiff to file individual suits will not protect Defendants against "extortionate" settlements. First, the perceived leverage that Plaintiff has because its work involves pornography is greatly overestimated. Also, requiring Plaintiff to file individual suits would not deter the perceived "extortionate" settlement demand. Individuals would still receive offers to settle from Plaintiff.

Because of the nature of the copyrighted right, *Third Degree Films* theorized that all

Defendants settle in order to avoid embarrassment. But, this is mere speculation. What creates "embarrassment" to an individual varies from person to person. One person may not care about the allegation, while another person might. In fact, many people will not settle because it is pornography, and do not agree with giving *any* money to pornographers. All in all, there are no facts on the record that Defendants were coerced into settling because of nature of the copyrighted work. And, there are mechanisms to avoid embarrassment.

Assuming *arguendo* that the nature of the copyrighted work does lever defendants into settling, this prejudice would not change if defendant is in a case by himself. In other words, severance would not protect against this so-called prejudice.

### 3.  INEFFICIENCIES AT TRIAL.

Severing defendants from this case and requiring Plaintiff to file individual suits will not protect Defendants against inefficiencies at trial. *Third Degree Films* cites to factual defenses raised in motions, stating the "Court simply cannot see how it 'promote[s] trial convenience' to hold forty-seven mini-trials and ask one jury to make findings as to each of them." The solution may turn out to be simple, however. Separate trials could be conducted by issue, or by defendant, and separate juries may be impaneled. *See In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 439-441 (7th Cir. Ill. 2004) (wherein Judge Posner held that a district judge erred in thinking himself forbidden to impanel separate juries).

Also, *Third Degree Films* overestimates the amount of actual defendants that are likely to go to trial — making inefficiencies less likely. Investigations, once subscriber's identities are known, may show, since IP addresses change over time, that a single subscriber may turn up multiple times. *e.g.* In one case in this District, one subscriber represented 15 Does. Some investigations might show that the subscriber is not someone that would be a "meaningful" defendant. Some identified defendants might acknowledge their infringements and look forward to settling rather than litigating. Majorly, a significant portion of the necessary

information received from ISPs (subscriber contact information) is unattainable or is not helpful. *See* **Exhibit C** (A random subpoena compliance from an ISP, where all but three names where able to be found in ISP's records. *n.b*. The blacked out portions are to protect identities.)  All in all, the number of defendants at the time of trial would likely be substantially smaller than the number of Does currently listed.

The point is, at this early stage of the case, there is no need to speculate on potential problems. Apart from this, no defendants had yet been named. Therefore, it is impossible to know if there would be different defenses.

## **CONCLUSION**

For the above reasons, joinder is permissive, and there insufficient facts at this stage of litigation that would prejudice defendants. Conversely, severance would likely prejudice the Plaintiff, creating major obstacles to enforce its copyright.

Some judges may be, understandably, worried and wish to shut down these cases based on what other attorneys have done in other jurisdictions. However, there has been no bad faith litigation in the incident case.

Respectfully submitted,

Dated: October 31, 2012

*/s/ Marvin Cable*
Marvin Cable, BBO#: 680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

*/s/ Marvin Cable*
Marvin Cable, Esq.